12316

SOLEN CORPORATION *ET AL.* v. ROBERTSON *ET AL.*

(140 S. E., 236)

1. ADVERSE POSSESSION—IN SUIT TO ENJOIN REMOVAL OF SHED OVER SIDEWALK, EVIDENCE HELD INSUFFICIENT TO SUPPORT DEFENDANT'S CLAIM OF ADVERSE POSSESSION FOR STATUTORY PERIOD.—In suit to enjoin city's removal of shed over sidewalk, evidence *held* to sustain master's finding against plaintiff's claim of adverse possession for statutory period.

2. ESTOPPEL—EVIDENCE HELD INSUFFICIENT TO ESTABLISH ESTOPPEL, PREVENTING CITY'S REMOVAL OF SHED OVER SIDEWALK.—In suit to enjoin city from removing shed over sidewalk, evidence *held* sufficient to sustain master's finding against defense of equitable estoppel.

Before BONHAM, J., Charleston, May, 1926.    Affirmed.

Action by the Solen Corporation and another against Jenkins M. Robertson and others, members of the Board of Public Service of Charleston, and another. Decree for defendants, and plaintiffs appeal.

The following is the report of Master F. K. Meyers:

The complaint in this action, filed July 10, 1925, seeks to have the authorities of the City of Charleston enjoined from removing a shed, attached to, and alleged to be a part of, the realty of the premises of the plaintiff, Nos. 168 and 170 East Bay Street, in the City of Charleston, extending over the sidewalk of the street known as Vendue Range, alleging that the use thereof for approximately 45 years has been adverse as against the municipality, and its enforced removal would be an invasion of the adverse and equitable rights of the plaintiff.

The minutes of references held, together with the exhibits offered, are herewith filed.

There is in evidence the record of a former proceeding, filed August 11, 1924, between the same parties, and concerning the same subject-matter, alleging an invasion of an equitable right only. Demurrer to the complaint was sus-

tained, and defendants' return to rule issued held sufficient. The opinion of the Supreme Court [132 S. C., 328; 128 S. E., 596] on appeal was as follows:

"It will be observed that the defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The order appealed from sustained the demurrer, and properly so. The complaint alleged acquiescence. In order for a use to ripen into a right, the use must be adverse, and there is no allegation of adverse use. No valid judgment, therefore, can be based upon it, except to dismiss the complaint. The adjudication based upon the return and answer are of course inoperative.

"The appeal is dismissed."

Demurrer was interposed to the complaint in this action on all of the grounds of demurrer set out in the report of the former case, except as to allegation of adverse possession. In view of the opinion above quoted, I am of the opinion that the controversy presented must be decided on its merits, and that the complaint states facts sufficient to constitute a cause of action.

All of the questions here involved are fully discussed in the able opinion of Mr. Justice Marion in *Grady v. City of Greenville,* 129 S. C., 89; 123 S. E., 494.

The allegation here of adverse user is made as necessary to sustain the action, not for the assertion of statutory title, but as a component part of the application for equitable estoppel, under *Grady v. City of Greenville,* and *Crocker v. Collins,* 37 S. C., 327; 15 S. E., 951; 34 Am. St. Rep., 752, therein quoted as follows:

"But where such possession [adverse possession for the statutory period] is accompanied with other circumstances, which would render it inequitable that the public should assert its rights to regain possession, then, upon the principle of estoppel, a party may be protected against the asser-

tion of right by the public, in order to prevent manifest wrong and injustice."

In *Crocker v. Collins, supra,* it was held that mere adverse possession for the statutory period of a street or alley in a town cannot confer title, and will justify the application of the principle of equitable estoppel only in order to prevent manifest wrong and injustice.

The evidence here shows that for many years the owners of the premises referred to maintained a shed over a part of the city street, and used it in connection with the conduct of their business; that it was merely permissive user is evident from the action of plaintiffs in 1920 in applying to city counsil for permission to pave the strip so used with concrete, which permission was granted subject to the work being done under the supervision and with the approval of the city engineer. Permission to improve the shed over the sidewalk was not included except by inference, if not objected to by the city engineer.

Vendue Range is a street leading from East Bay Street to the Clyde line docks. It opens practically opposite to, and its opening extends north of, the eastern terminus of Queen Street at East Bay. The use and obstruction by the plaintiffs at the northeast corner of this street opening was not a serious obstacle to traffic. But in its inception, and its continuance, including the expense incurred in 1920 under city supervision, plaintiffs were charged with knowledge that no permanent rights could be established against the city and against the exclusive control of the city authorities for street purposes, under the authority vested in them by charter, as well as city ordinances, in force since 1806, vesting in the committee on streets (now the defendant commission):

"Sec. 142.   The committee on streets, in conjunction with the mayor, shall have power and authority to order and direct the manner of building, altering and repairing

the sidewalks, and to order and determine of what height and width the same shall be, and of what materials the walks shall be composed; with power to alter and improve those already made in such way and manner as they think the public convenience requires."

"Sec. 144.   All encroachments upon any street, lane, alley or open court and all obstructions in the way of foot passengers, not contemplated in the foregoing sections, shall be removed by the superintendent of streets, whenever ordered by the committee on streets; and, if it be attended with any expense or expenses, the same shall be defrayed by the person or persons so encroaching upon any street, lane or open court, or so obstructing any footway.   And any person or persons hindering or preventing the superintendent of streets in the execution of any such duty shall be liable to a penalty of fifty dollars, or imprisonment not exceeding fifteen days."

The city maps have always shown the street without obstruction, and I can find no evidence of such conduct on the part of the city authorities as would constitute estoppel, nor that it would work manifest wrong and injustice to the plaintiffs to now destroy for the public good a right which they have long enjoyed without compensation to the public for an invasion of public rights.

I find the laws as stated by Mr. Justice Marion in *Grady v. Greenville, supra,* applicable and conclusive in the case at bar:

"There is no evidence that the city made any misrepresentation, or any concealment of facts; nor is there any evidence of inequality, in the knowledge of the parties, as to extent of the legal rights conferred on the one hand and acquired on the other as a result of the city's permission to erect the monument.   The essential elements of estoppel, as to the fraudulent or unconscionable conduct of the party sought to be estopped, would seem to be wholly lacking in this case. *Gaston v. Brandenburg* [42 S. C., 348; 20 S. E., 157],

*supra.* But, of even more conclusive force, as will be pointed out in the discussion of the case in another phase, is the insufficiency of the showing of injury on the part of the plaintiffs to sustain a charge of 'manifest wrong and injustice.' We are, therefore, clearly of the opinion that, in so far as plaintiffs assert title, or the exclusive right to the occupancy of this plot of ground in the street, under the doctrine of equitable estoppel, their position is untenable.

"If the rights of the city, in this portion of the street, have not been divested by dedication or by estoppel, then the land upon which the monument stands is unquestionably subject to the exclusive control of the city authorities for street purposes. By express grant from the state, the city council is vested with plenary discretionary powers. 19 Stat., 106; Section 4570, Code 1922. As we have seen, so essential are these powers of control, over streets, to the growth and prosperity of a city, and to the convenience and safety of the public for whose benefit the streets were dedicated, that the common council can no more denude itself of those powers than it can of its power to legislate for the health and morals of its inhabitants. *Wabash R. R. Co. v. Defiance* [167 U. S., 88; 17 S. C., 748; 42 L. Ed., 87], *supra; Spencer v. Mahon* [75 S. C., 232; 55 S. E., 321], *supra.*

"(13) That, as a general rule, the Courts will not interfere with the exercise of these discretionary powers by a municipal body, except in cases of fraud or clear abuse of power, is thoroughly well-settled law. 32 C. J., 260, § 410; *Field v. Barber Asphalt Co.,* 194 U. S., 618; 24 S. Ct., 784; 48 L. Ed., 1142; *State v. Board of Comm'rs,* 100 Minn., 150; 110 N. W., 1121; 9 L. R. A. (N. S.), 1045; *Hessin v. City of Manhattan,* 81 Kan., 153; 105 P., 44; 25 L. R. A. (N. S.), 228. And see *Haesloop v. Charleston,* 123 S. C., 272; 115 S. E., 596.

"If this were a case of ordinary encroachment upon or obstruction of, a street by private parties, and if the exercise of the council's discretion in the premises were governed wholly by the law applicable to that state of facts, there would be no doubt that the council's action was an entirely valid exercise of the city's power to control and direct the use of the street in the interest of the public convenience, safety, and common good."

I therefore respectfully recommend that the complaint be dismissed, with costs.

*Messrs. Nathans & Williams,* for appellants, cite: *City estopped from interference:* 106 S. C., 121; Dillon, Munic. Corp. (3rd Ed.), 1893; 98 N. W., 493; 35 Pac., 1002; 42 Pac., 62; 79 N. E., 296; 92 Ind., 107; 37 Atl., 176; 13 So., 843; 108 Pac., 910; 7 L. R. A. (N. S.), 243; 67 S. C., 515; 37 S. C., 334; 57 S. C., 507; 10 R. C. L., 707; 20 Ann. Cas., 429; 123 S. E., 494; 109 S. E., 285; 19 R. C. L., 1147; 299 Fed., 516; 21 C. J., 1185, 1198; 166 Ill., 530; 169 N. W., 741; 71 Pac., 605; 2 Dillon, Munic. Corp., Secs. 529–533.

*Mr. Lionel K. Legge,* for respondents, cites: *To acquire right to maintain obstruction in public thoroughfare there must have been adverse possession and such conduct on part of public as would amount to equitable estoppel:* 57 S. C., 507; 129 S. C., 89; 132 S. C., 328; 37 S. C., 327. *Estoppel invoked only in exceptional cases:* Dillon, Munic. Corp., Par. 667; 13 So., 289; 21 L. R. A., 62. *Concurrent findings of fact by master and Circuit Judge not disturbed unless abuse of discretion shown:* 134 S. C., 54. *Structure at bar a nuisance:* 121 S. E., 285; 13 R. C. L., 186, 190. *Permission to maintain same subject to revocation:* Dillon, Munic. Corp. (5th Ed.), 1885. McQuillen, Munic. Corp., Sec. 1391.

November 15, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

1, 2   The contentions of the plaintiffs, with a brief statement of the controversy, are set out in the report of the master. By reference to the report, it will be seen that the master found from the testimony, as a matter of fact, that the plaintiffs failed to establish adverse possession for the statutory period, and that the evidence did not make a case in which the principle of equitable estoppel should be applied to prevent a manifest wrong or injustice; but that, on the contrary, the testimony established the fact that the maintenance of the shed over the part of the city street, and the use of the shed in connection with the conduct of business, by the present and former owners of the premises now owned by the plaintiffs, had been at all times merely and purely permissive on the part of the city authorities. These findings of fact were concurred in by the Circuit Judge, and the plaintiffs except and impute error.

We are satisfied, from a careful examination of the record, that the Circuit Judge was amply justified under the testimony in confirming the findings and recommendations of the master, and in adopting same as the judgment of the Court below. Let the report of the master be incorporated in the report of the case.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.